NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**PAUL H. YOON, ELIZABETH F. YOON, TOBY DORAN, THOMAS J. DORAN,**
*Claimants-Appellants*

**v.**

**DOUGLAS A. COLLINS, Secretary of Veterans Affairs,**
*Respondent-Appellee*

2025-1839

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-255, Judge Grant Jaquith.

**ON PETITION AND MOTION**

Before DYK, MAYER, and REYNA, *Circuit Judges*.

PER CURIAM.

**O R D E R**

In January 2025, Paul H. Yoon and Elizabeth F. Yoon petitioned the United States Court of Appeals for Veterans Claims for a writ of mandamus to enjoin the Secretary of Veterans Affairs from denying their claim for educational

benefits pending before the Board of Veterans' Appeals.[1]
Though the Court of Appeals for Veterans Claims has not
yet issued a decision on that petition, the petitioners have
filed an appeal, and the Yoons move for emergency relief.[2]
The Secretary opposes and moves to dismiss the appeal.

BACKGROUND

The following facts, taken from the petition, are undisputed for our purposes: Paul Yoon served honorably in the
U.S. Army from 1998 until 2021 in one continuous period
of service. He has utilized 34 months of educational assistance benefits. Mr. Yoon transferred his unused educational benefits to his daughter Elizabeth, who this fall is
entering year two of a three-year program (expected graduation in May 2027). Because the length of Mr. Yoon's period of service, without counting any period twice, is
sufficient to qualify for educational benefits under both the
Montgomery GI Bill and Post-9/11 GI Bill, the Yoons anticipated 14 months of educational benefits remaining under
the 48-month cap on receiving these benefits.

The Department of Veterans Affairs, however, granted
the Yoons only two months of benefits—the remaining portion of the 36-months of benefits under only the Montgomery GI Bill—because the Department understood that
benefits under the Post-9/11 GI Bill require a break in service, which Mr. Yoon does not have. The Yoons appealed
that decision to the Board, and the appeal remains pending. Seeking expedited resolution, the Yoons in January

---

[1]    The petition was joined by Toby Doran and
Thomas J. Doran.

[2]    The Department of Veterans Affairs has since
granted the Dorans' claim, and the Dorans do not seek
emergency relief from this court at this time. ECF No. 2 at
2, n.2.

2025 petitioned the Court of Appeals for Veterans Claims for a writ of mandamus to enjoin denial of the full 14 months of benefits. When the Secretary responded to the petition, he noted a related appeal before the Court of Appeals for Veterans Claims, *Perkins v. Collins*, involving the same issue, that "would presumably control the *Yoon* appeal." Secretary Resp. at 7 (Apr. 28, 2025). The Yoons were granted leave to reply, in which they requested relief by May 19, 2025, noting their current allotment of benefits would be exhausted that month.

On May 16, 2025, the Court of Appeals for Veterans Claims issued its decision in *Perkins*, rejecting the Secretary's interpretation that had been used to deny the Yoons 12 additional months of benefits; instead, "a veteran whose single period of service is long enough to qualify for benefits under both the MGIB and Post-9/11 programs without using any period of time twice to establish eligibility is entitled to receive benefits under both programs up to a statutory 48-month cap on such educational benefits." *Perkins*, No. 24-6515, slip op. at 2 (footnote omitted). On May 23, 2025, the Yoons informed the Court of Appeals for Veterans Claims that Ms. Yoon's fall tuition is due August 1, 2025 but that the Secretary continued to oppose any relief. On June 2, 2025, the Yoons informed the court that absent relief by June 4, 2025, they would view their petition as constructively denied and appeal to this court. On June 5, 2025, no decision having issued, this appeal was filed.

## DISCUSSION

We agree with the Secretary that this appeal falls outside of 38 U.S.C. § 7292(a) and therefore outside of our limited jurisdiction over appeals from the Court of Appeals for Veterans Claims. Section 7292(a) provides that "[a]fter a decision of the United States Court of Appeals for Veterans Claims is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of a decision of the Court on a rule of law or of any statute or

regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision." *Id.* § 7292(a). Here, the Veterans Court has entered no decision on the Yoons' petition subject to appeal.

In arguing in support of jurisdiction, appellants urge us to look to 28 U.S.C. § 1292(a)(1) and cases interpreting that statute to allow for appellate jurisdiction over certain orders that do not expressly refuse an injunction but have "the practical effect" of doing so. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)). But appellants fail to demonstrate that authority applies here. Section 1292(a)(1) extends appellate jurisdiction to interlocutory orders of district courts granting or denying injunctive relief, and the cited cases provide a practical construction of that specific statute.[3] Appellants fail to identify any similar statutory exception authorizing our direct review where the Court of Appeals for Veterans Claims has not entered a decision.[4]

---

[3]    Even under the general principles of those cases, originating tribunals "have wide discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a parties' requested timeline." *Amazon.com Servs. LLC v. NLRB*, 136 F.4th 577, 582 (5th Cir. 2025) (citation omitted). The rare exceptions that have been made are limited to situations where the inaction had the practical effect of denying an injunction and the appellant's only way of getting effective relief is by immediate appeal. *See Def. Distrib. v. Att'y Gen. of N.J.*, 972 F.3d 193, 200–02 (3d Cir. 2020). Appellants have not shown those requirements existed at the time of their appeal.

[4]    Section 7292(b)(1) does permit a petition for interlocutory appeal of "an order not otherwise appealable," but even then only with that court's chief judge's certification, which is absent here.

Although we may alternatively consider the appeal as a petition for a writ of mandamus within this court's jurisdiction under 28 U.S.C. § 1651, appellants have not met the high standard for mandamus relief, which requires them to show: (1) "no other adequate means to attain the relief [it] desires," (2) a "clear and indisputable" right to relief, and (3) that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). Given the Yoons' pending appeal at the Board (in which they may seek interim relief), their pending petition at the Court of Appeals for Veterans Claims, and the recent entry of judgment in *Perkins*, we expect that the Court of Appeals for Veterans Claims and the Secretary will expeditiously resolve the Yoons' case. Moreover, the Secretary concedes that "petitioners may be reimbursed for statutorily required educational benefits that were unlawfully withheld." ECF No. 26 at 27. Under the circumstances, we cannot say that mandamus relief is appropriate.

Accordingly,

IT IS ORDERED THAT:

The Secretary's motion to dismiss is granted, any other requested relief and the pending motion are denied, and the mandate is entered forthwith.

FOR THE COURT

June 26, 2025
   Date

Jarrett B. Perlow
Clerk of Court

ISSUED AS A MANDATE: June 26, 2025